UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WEAVER,<br><br>Plaintiff,<br><br>v.<br><br>BIMBO BAKERIES, USA, INC., a Pennsylvania corporation, and DOES 1 through 30, inclusive,<br><br>Defendant. | No. 2:18-cv-00303-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

By way of this action, Plaintiff Ronald Weaver ("Plaintiff") seeks redress from his former employer, Defendant Bimbo Bakeries, USA, Inc. ("Defendant"), for alleged age discrimination, disability discrimination, and failure to accommodate under the Fair Employment and Housing Act ("FEHA"). Presently before the Court is Defendant's Motion to Dismiss (ECF No. 8), which argues that Plaintiff's claims are time barred. For the reasons stated below, Defendant's Motion to Dismiss (ECF No. 8) is GRANTED with leave to amend.[1]

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

## BACKGROUND[2]

Plaintiff began working for Defendant in 1962. On or about July 10, 2012, Plaintiff sustained an injury to his shoulder while at work which resulted in a torn rotator cuff. He was 74 at the time of the injury. Plaintiff ultimately had two surgeries, underwent extensive physical therapy, and alleges that he still experiences pain in his shoulder. Plaintiff claims he can no longer lift his arm higher than his shoulder without pain and that his ability to lift heavy items is limited. According to Plaintiff, he still works for Bimbo because he was never officially terminated and never resigned. Nonetheless, Plaintiff has not been to work since January 25, 2013.

On or about May 28, 2015—almost 30 months after Plaintiff's last day of work—Plaintiff sent a letter to Defendant requesting that Defendant accommodate Plaintiff's disability so that he could return to work. Plaintiff claims, and Defendant does not appear to contest, that Defendant never responded to this letter. Plaintiff also claims that Defendant never made accommodations for his disability. Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH") on December 14, 2017. Shortly thereafter, on December 27, 2017, Plaintiff filed this suit. Plaintiff has not alleged that he attempted to contact Defendant again before filing this suit in December of 2017—roughly 31 months after he allegedly sent the accommodation request letter to Defendant and nearly 61 months since he last went to work.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins.

---
[2] Unless otherwise stated, the facts are taken from Plaintiff's Complaint and the parties' respective briefs on the pending Motion.

Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

///

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Defendant has moved to dismiss Plaintiff's Complaint on the sole ground that Plaintiff's claims are time barred. Under FEHA, a complaint must be brought within one year of the date on which the alleged unlawful practice occurred. Cal. Gov. Code § 12960(d). Additionally, FEHA requires that employees exhaust their administrative remedies with the DFEH before filing a civil action for FEHA violations. Generally, the date on which the one-year limitations period begins is the date on which the employee resigns or is terminated. Romano v. Rockwell Int'l, Inc., 14 Cal. 4th 479, 495 (1996) ("[T]he date that triggers the running of the limitations period under the FEHA is the date of actual termination."). Here, however, Plaintiff was never officially terminated and never officially resigned. Pl.'s Comp. at ¶ 22. Instead, Plaintiff alleges he was

constructively terminated. Although the Complaint provides no date for this alleged constructive discharge, it does state that Plaintiff was 74 years old when he was injured in July 2012 and 74 years old when he was constructively discharged. Accordingly, Defendants inferred that Plaintiff could not have been constructively discharged after July 2013 and move to dismiss on the ground that his claims are therefore time barred.

In his Opposition, Plaintiff explains that the latter reference to his age of 74 was simply a clerical error. Plaintiff claims that he was 79 when he was constructively discharged, not 74, and seeks leave to amend his Complaint to correct that error. More specifically, he contends that the actual date of his constructive discharge was December 14, 2017, which is also the date he filed his complaint with the DFEH. Plaintiff contends that this simple correction solves the statute of limitations issue and quashes Defendant's Motion.

As presently drafted, Plaintiff's Complaint must be dismissed as his claims are indeed time barred. But the Court nonetheless has immense discretion in granting leave to amend and, frankly, the Court is surprised that the parties could not reach an agreement allowing Plaintiff to so amend absent Court intervention. Leave to amend should be granted freely unless there is "undue delay, bad faith, or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman, 371 U.S. at 182 (1962). Defendant does not argue that any of those grounds are present here, nor does the Court so find. Accordingly, Defendant's Motion to Dismiss is GRANTED, and Plaintiff is granted leave to amend.[3]

///

///

---

[3] Defendant argues for the first time in its Reply that Plaintiff's Complaint should be dismissed for the additional reason that—even assuming the date of the alleged constructive discharge was corrected—Plaintiff has not established the elements of constructive discharge. The Court will not consider arguments raised for the first time in a Reply brief. It should be noted, however, that Plaintiff would be well-advised to consider the federal pleading standards as described in this Order and to file a First Amended Complaint that amends more than simply the purported clerical error.

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 8) is GRANTED with leave to amend.

IT IS SO ORDERED.

Dated: April 23, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE