UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RONALD WEAVER, | No. 2:18-cv-00303-MCE-EFB |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| BIMBO BAKERIES, USA, INC., an Ohio corporation, and DOES 1 through 30, inclusive, | |
| Defendant. | |

By way of this action, Plaintiff Ronald Weaver ("Plaintiff") seeks redress from his former employer, Defendant Bimbo Bakeries, USA, Inc. ("Defendant"), for alleged age discrimination, disability discrimination, and failure to accommodate under the Fair Employment and Housing Act ("FEHA"). Presently before the Court is Defendant's Motion to Dismiss (ECF No. 18), in which Defendant argues that Plaintiff fails to state a claim for discrimination or failure to accommodate. For the reasons stated below, Defendant's Motion to Dismiss is GRANTED with final leave to amend.[1]

///

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[2]

Plaintiff began working for Defendant in 1962. On or about July 10, 2012, Plaintiff sustained an injury to his shoulder while at work which resulted in a torn rotator cuff and bicep. He was 74 at the time of this injury. Plaintiff ultimately had two surgeries, underwent extensive physical therapy, and alleges that he still experiences pain in his shoulder. Plaintiff claims he can no longer lift his arm higher than his shoulder without pain and that his ability to lift heavy items is limited. Plaintiff has not been to work since January 25, 2013, yet he nevertheless claims to still be employed by Defendant because he was never officially terminated and did not resign.

On or about May 28, 2015—almost 30 months after Plaintiff's last day of work—Plaintiff sent a letter to Defendant requesting accommodation for his disability to enable his return to work. Plaintiff claims, and Defendant does not appear to contest, that Defendant did not respond to this letter. Additionally, Plaintiff states that he repeatedly requested to return to work with accommodations. Plaintiff avers that on December 14, 2017, after repeatedly requesting accommodation of his disability, he came to the realization that Defendant would not provide such accommodations. Plaintiff thus claims Defendant's unresponsiveness, combined with "intolerable and impossible" work conditions, operated as a constructive termination.

Plaintiff filed an administrative charge with the Department of Fair Employment and Housing ("DFEH") on December 14, 2017 and received a Right to Sue letter from DFEH the same day, which Plaintiff subsequently served on Defendant. On December 27, 2017, Plaintiff filed this suit.

///
///
///

---

[2] Unless otherwise stated, the facts are taken from Plaintiff's Second Amended Complaint ("SAC"), ECF No. 17, and the parties' respective briefs on the pending Motion.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their

3

complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

Plaintiff's SAC brings three causes of action: (1) Disability Discrimination in violation of the FEHA (Cal. Gov't Code § 12900, et seq.); (2) Age Discrimination in violation of the FEHA; and (3) Failure to Accommodate Disabilities in violation of California Government Code § 12940, et seq. The Court first addresses Plaintiff's administrative exhaustion requirements, then turns to each of the respective causes of action.

4

### A. Exhaustion of Administrative Remedies

Prior to bringing a discrimination claim in this Court, Plaintiff was required to exhaust the administrative procedures provided under FEHA. See Rodriguez v. Airborne Express, 265 F.3d 890, 896 (9th Cir. 2001) (citing Yurick v. Superior Ct., 209 Cal. App. 3d 1116, 1121 (Cal. App. Ct. 1989)). Administrative exhaustion requires filing a written administrative charge with DFEH within one year of the alleged unlawful employment discrimination and obtaining a "right to sue" letter from DFEH. Id.

"The scope of the written administrative charge defines the permissible scope of the subsequent civil action." Id. at 897. A plaintiff is therefore barred from bringing a civil action under a theory of discrimination unrelated to his or her original administrative charge. Id. Importantly, administrative exhaustion requirements are construed liberally to accomplish FEHA's purpose of eliminating employment discrimination. See id.; Cal. Gov't Code. § 12993(a). Courts thus determine whether the complaint includes claims that are "like or reasonably related to" the claims in the administrative charge. See Sandhu v. Lockheed Missiles & Space Co., 26 Cal. App. 4th 846, 859 (Cal. Ct. App. 1994) (citing Oubichon v. N. Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973)). Therefore, a plaintiff's administrative charge must include with particularity the minimal allegations supporting their discrimination claims. See Cal. Gov't Code § 12960(b).

Exhaustion requires a plaintiff's administrative charge to DFEH include the following: "(1) a description of the alleged act or acts of discrimination, harassment, or retaliation; (2) the date or dates of each alleged act of discrimination, harassment, or retaliation; and (3) each protected basis upon which the alleged discrimination or harassment was based." Achal v. Gate Gourmet, Inc., 114 F. Supp. 3d 781, 794 (N.D. Cal. 2015) (citing Cal. Gov't Code § 12960(b)). The administrative charge must specify the alleged wrongful act by an employer in order to facilitate prompt adjudication by giving the employer sufficient and specific notice of the claim. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002).

///

1    Here, Defendant contends Plaintiff's administrative charge to DFEH was limited to
2    his reasonable accommodation claim and did not include any allegations showing an
3    adverse employment action stemming from his disability or age.  ECF No. 18 at 12.
4    Defendant argues that as a result, Plaintiff failed to exhaust his administrative remedies
5    relating to his age and disability discrimination claims.  Id.  Although Defendant correctly
6    points out that a reasonable accommodation claim is legally distinct from a discrimination
7    claim arising from adverse employment action, see Furtado v. State Pers. Bd.,
8    212 Cal. App. 4th 729, 744–45 (Cal. Ct. App. 2013), the Court reviews a complainant's
9    administrative charge "with utmost liberality."  See Lyons v. England, 307 F.3d 1092,
10   1104 (9th Cir. 2002).  The Court must therefore determine whether Plaintiff's allegations
11   "in the civil suit are within the scope of the administrative investigation [that could]
12   reasonably be expected to grow out of the charge of discrimination."  See Rodriguez,
13   265 F.3d at 897.
14       Plaintiff's administrative charge to DFEH states he "was discriminated [against]
15   because of [his] [a]ge (40 and over) and as a result of discrimination was [d]enied
16   reasonable accommodation for a disability."  Def.'s Req. Judicial Notice (ECF No. 9,
17   Ex A at 1).³  While the administrative charge does not specify that Plaintiff was
18   terminated or constructively terminated from employment because of his age or
19   disability, the Court finds that any competent investigation into Plaintiff's failure to
20   accommodate the charge could reasonably be expected to uncover facts supporting a
21   constructive termination claim.  See Velente-Hook v. E. Plumas Health Care,
22   368 F. Supp. 2d 1084, 1101 (E.D. Cal. 2005) (quoting Thomas v. Douglas, 877 F.2d
23   1428, 1434 (9th Cir. 1989)) ("Constructive discharge occurs when . . . a reasonable
24   person in the employee's position would have felt that he was forced to quit because of

---

³ Under Federal Rule of Evidence 201, a court may take judicial notice of matters which are "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  For purposes of the present Motion, Defendant's Request for Judicial Notice, ECF No. 9, is GRANTED.

intolerable and discriminatory working conditions.") (internal brackets omitted). Given the significant liberality afforded to administrative charges, the Court finds Plaintiff's DFEH charge sufficiently includes age and disability discrimination claims within its scope, as based on constructive termination as well as failure to reasonably accommodate.

Nevertheless, the Court agrees with Defendant that Plaintiff's claims are time-barred due to untimely filing with DFEH. ECF No. 18 at 12–13. To meet the administrative exhaustion requirements under FEHA, a complainant is required to file an administrative charge to DFEH within one year of the alleged discriminatory conduct. See Rodriguez, 265 F.3d at 896. Here, Plaintiff's claims are based primarily on Defendant's failure to respond to a letter sent on Plaintiff's behalf on May 28, 2015. ECF No. 17 at ¶ 16. Plaintiff argues that Defendant constructively terminated him when Defendant did not respond to his letter or take steps to fulfill his request for accommodations therein, effectively subjecting Plaintiff to intolerable working conditions without reasonable accommodation. Id. Despite Defendant's nonresponse, Plaintiff's administrative charge with DFEH was filed December 14, 2017—over two years after Plaintiff sent the letter. ECF No. 9, Ex. A at 1. Although Plaintiff suggests he "eventually realized" Defendant would not accommodate his disability on December 14, 2017 and filed his administrative charge on the same day, he provides no facts that could explain why it took him two and a half years to come to this realization. Accordingly, Plaintiff's claims are time-barred because he filed his administrative charge with DFEH well over a year after the alleged adverse employment action.

As pleaded, and with the documents judicially noticeable to the Court, it appears that Plaintiff's claims pursuant to the FEHA are time-barred. Because of this, these claims must fail. Accordingly, Defendant's Motion to Dismiss Plaintiff's discrimination claims and failure to accommodate claim is GRANTED for failure to properly exhaust procedural remedies under the FEHA. However, the Court is not convinced that Plaintiff cannot allege any set of facts sufficient to show compliance with his administrative

requirements and will grant Plaintiff leave to amend these claims to plead administrative exhaustion, in addition to the requirements outlined below.[4]

### B. Disability and Age Discrimination Claims

Defendant additionally seeks dismissal of Plaintiff's disability and age discrimination FEHA claims on the grounds that the SAC omits a factual basis to support such claims. For the reasons that follow, the Court agrees with Defendant's contentions.

To establish a prima facie case for disability discrimination, a plaintiff must demonstrate that he (1) suffered from or was regarded as suffering from a disability, (2) could perform the essential duties of the job with or without reasonable accommodations, and (3) was subjected to an adverse employment action because of the disability. Wills v. Superior Ct., 195 Cal. App. 4th 143, 159–60 (Cal. Ct. App. 2011). An age discrimination claim requires a showing that "circumstances suggesting a discriminatory motive was present" when "an adverse employment action was taken" against him. Id. (citing Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 355 (Cal. 2000)). Accordingly, under Plaintiff's discrimination theories, he must demonstrate that age and/or disability was a substantial factor behind his termination. See Harris v. City of Santa Monica, 56 Cal. 4th 203, 232 (Cal. 2013)

Plaintiff alleges that "Defendant engaged in unlawful employment practices . . . by constructively terminating Plaintiff from his position as a transport driver" because of his disability and age. ECF No. 17 at ¶¶ 28, 37.[5] Specifically, Plaintiff asserts "that his disability . . . was a substantial motivating reason for" his termination. Id. at ¶ 29. To

---

[4] The Court can only assume that May 28, 2015 is an inappropriate starting point for a timeliness determination in light of Plaintiff's assertion that he "repeatedly asked to return to work with reasonable accommodation." ECF No. 17 at ¶ 16. Indeed, with additional factual support, the Court may change its calculation. But the only date provided to the Court is when Plaintiff's letter was allegedly sent to Defendant, and the SAC otherwise omits any other dates or facts that could direct the Court to when Plaintiff requested to return to work with accommodation. The Court therefore must rely on May 28, 2015 in determining timeliness.

[5] Plaintiff pleads both that he "is still an employee" of Defendant, ECF No. 17 at ¶ 14, but that he was constructively terminated from his employment on December 14, 2017. Id. at ¶¶ 16, 37. Defendant's arguments concerning Plaintiff's contradictory allegations on his employment status are well taken. While these allegations directly contradict one another, for purposes of analysis the Court will assume, *arguendo*, that Plaintiff is no longer employed by Defendant.

8

support his age discrimination claim Plaintiff merely states his age at the time of the alleged constructive termination, along with a formulaic recitation of the elements of a prima facie case for age discrimination. ECF No. 17 at ¶ 37. These conclusory assertions, unsupported by facts, are insufficient to show that Plaintiff's disability or age were motivating factors in his termination. See Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.").

In its current form, the SAC lacks factual support to demonstrate that Defendant constructively terminated Plaintiff because of his disability or age. Plaintiff argues that by failing to offer reasonable accommodations, Defendants constructively terminated him on account of working conditions as a delivery person being "intolerable and impossible." ECF No. 17 at ¶ 16. However, Plaintiff does not provide any facts describing the objectionable conditions or how his alleged inability to perform his duties contributed to his constructive termination. Likewise, the SAC lacks any facts suggesting that Plaintiff's termination was due to his age. Instead, he relies on a bare legal conclusion by alleging his "age was a motivating factor in the decision to terminate his employment . . . ." ECF Id. at ¶ 39. Without more, Plaintiff fails to sufficiently demonstrate any discriminatory intent behind his alleged constructive termination.[6] Accordingly, Defendant's Motion to Dismiss regarding Plaintiff's disability and age discrimination claims are GRANTED. Plaintiff will be given a final opportunity to amend these claims.

## C. Failure to Accommodate

Plaintiff claims Defendant failed to offer reasonable accommodations that would have allowed him to continue working as a delivery person.[7] Plaintiff additionally alleges

---

[6] In its previous Order, the Court advised Plaintiff of the requirement to meet federal pleading standards in any amended complaint. ECF No. 14 at 5 n. 3. But Plaintiff made only minimal edits to his original Complaint. Moreover, Plaintiff's Opposition to Defendant's Motion to Dismiss fails to address nearly all of Defendant's arguments and is barely two-pages long. Pl.'s Opp., ECF No. 22. Plaintiff is advised that future idleness toward advocating his claims may result in dismissal with prejudice.

[7] Plaintiff claims that "[a]t all times . . . [he] was willing and able to return to work with reasonable accommodation." ECF No. 17 at ¶ 16.

he repeatedly requested to return to work with accommodations, but to no avail. ECF No. 17 at ¶ 16. He further contends Defendant's failure to respond to the letter requesting accommodations constitutes a failure to accommodate his disability. Id. at ¶ 22.

An employer is required to make reasonable accommodation for the known disability of an employee unless doing so would produce undue hardship to the employer's operation. Nealy v. City of Santa Monica, 234 Cal. App. 4th 359, 373 (Cal. Ct. App. 2015) (citing Cal. Gov't Code § 12940, subd. (m)). To establish a claim for failure to reasonably accommodate, Plaintiff must show (1) the employee suffered from a disability, (2) the employee could perform the essential functions of the job with reasonable accommodation, and (3) the employer failed to reasonably accommodate the employee's disability. Nealy, 234 Cal. App. 4th at 373 (citing Wilson v. Cty. of Orange,169 Cal. App. 4th 1185, 1192 (Cal. Ct. App. 2009)). "Reasonable accommodations may include, among other things, job restructuring or permitting an alteration of when and/or how an essential function is performed." Id. (citing Cal. Gov't Code § 12926, subd. (p)(2)).

Defendant contends that Plaintiff has failed to sufficiently plead facts demonstrating that Plaintiff was capable of performing essential functions of his employment with reasonable accommodations, or that Defendant failed to reasonably accommodate Plaintiff's disability. ECF No. 18, 9–10. Specifically, Defendant argues Plaintiff has not demonstrated that he was medically released to return to work, that he could perform the essential functions of his prior position or any alternative position, or that Defendant failed to reasonably accommodate Plaintiff given that Defendant retained Plaintiff as an employee during his extended absence. Id.

The Court agrees that Plaintiff's SAC lacks sufficient facts to support a reasonable accommodation claim against Defendant. The SAC contains a single conclusory statement that he "was willing and able to return to work with reasonable accommodation." ECF No. 17 at ¶ 16. But Plaintiff's SAC is devoid of factual

10

allegations that he was physically able to return to work with reasonable accommodation, or that he could perform the essential job functions as a delivery person, or that he could have worked in an alternate position. Nor are there facts showing which working conditions or essential duties made working as a delivery person "intolerable or impossible" for Plaintiff, or what particular conduct by Defendant constitutes a failure to reasonably accommodate.

Although Plaintiff alleges he sent a letter to Defendant requesting to return to work with accommodation, there are no facts suggesting Defendant ever denied him the opportunity to return, or that he was directed to take a leave of absence to recover from his injuries until Defendant approved his return. Indeed, from these facts, Defendant seems to have allowed Plaintiff to remain employed while he recovered from his injuries, suggesting Defendant did in fact provide Plaintiff accommodations for his disability. See Cal. Code Regs. tit. 2, § 11065(p)(2)(M) ("Reasonable accommodation may include . . . such measures as . . . [p]roviding a paid or unpaid leave for treatment and recovery . . . ."). Accordingly, Defendant's Motion to Dismiss Plaintiff's reasonable accommodation claim is GRANTED, with leave to amend.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 18) is GRANTED with one final leave to amend.

IT IS SO ORDERED.

Dated: March 28, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE